Jorge L. CARRILLO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

Nos. 03–70145.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

As Amended on Denial of Rehearing Aug. 27, 2004.

Jorge L. Carrillo, Van Nuys, CA, Petitioner Pro Se.

Maria E. Carrillo, Van Nuys, CA, Petitioner Pro Se.

Berenice A. Carrillo, Van Nuys, CA, Petitioner Pro Se.

Ricardo Michael Carrillo Ojeda, Van Nuys, CA, Petitioner Pro Se.

Diana Marli Carrillo Ojeda, Van Nuys, CA, Petitioner Pro Se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Jorge Carrillo, his wife Maria Carrillo, and their three children petition pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") denial of their applications for suspension of deportation. This petition is governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition in part and dismiss in part.

We are not persuaded by petitioners' contention regarding 'repapering' relief because the Attorney General's discretionary decision whether and when to commence proceedings is not reviewable. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002).

Petitioners' contention that requiring them to demonstrate "exceptional and extremely unusual hardship" violates due process is inapposite because the IJ applied the proper "extreme hardship" standard. *See Kalaw*, 133 F.3d at 1150–51 & n. 6 (describing change in standard for relief from the transitional rules to the more stringent permanent rules of IIRIRA).

Petitioners' contention that the BIA's affirmance without opinion violates due

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

We lack jurisdiction to consider petitioners' contention regarding whether Maria Carrillo acquired citizenship through 'jus sanguinis' because petitioners failed to raise this issue with the BIA. *See* 8 U.S.C. § 1105a(c) (1994); *Rashtabadi* v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994).

PETITION FOR REVIEW DENIED in part and DISMISSED in part.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.